# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CLAUDIA VANDERHORST,**

        **Plaintiff,**

**-vs-**                                                              Case No. 6:13-cv-204-Orl-18DAB

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for disability benefits. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **REVERSED** and the matter be **REMANDED** for further consideration.

# Procedural History

Plaintiff protectively filed her application on February 2, 2009, alleging disability as of April 3, 2006 (R. 13, 141-44). Her onset date was later amended to May 1, 2006 (R. 147). Her application was denied initially and on reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ"). On April 15, 2011, the ALJ issued a decision denying Plaintiff's application (R.13-22). The Appeals Council denied Plaintiff's Request for Review (R. 1), making the ALJ's decision the final decision of the Commissioner. This action followed, and the matter is now ripe for review under 42 U.S.C. § 405(g).

# Summary of Evidence Before the ALJ

Plaintiff was fifty-two years old at the time of the ALJ decision (R. 38), with an associate degree and past relevant work experience as a business consultant (R. 39, 197). She claimed to be

disabled due to osteoarthritis, rheumatoid arthritis and depression, which caused "severe pain in my joints, hands, ankles, back, knees and arms." (R. 196).

Plaintiff's date last insured for disability insurance benefits was December 31, 2006 (R. 13). Thus, the pertinent time period at issue for this application[1] is the onset date of May 1, 2006 through December 31, 2006, the date last insured.

In the interest of privacy and brevity, the evidence set forth in the ALJ's decision will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that, through the date last insured, Plaintiff had medically determinable impairments of status post right total hip replacement, rheumatoid arthritis, osteoarthritis, and obesity (R. 15), but found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 17). The ALJ made a specific finding that Plaintiff's "medically determinable mental impairments of major depressive disorder, recurrent, moderate, pain disorder and personality disorder, not otherwise specified did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and was therefore nonsevere." (R. 15).[2]

The ALJ then determined that Plaintiff had the residual functional capacity ("RFC"):

to perform light work as defined in 20 CFR 404.1567(b) with a sit/stand option or to perform sedentary work as defined in 20 CFR 404.1567(a) with the ability to stand at times. The claimant is limited to occasional overhead reaching."

(R. 17).

---

[1] It appears that Plaintiff filed earlier applications, which were denied (R. 165).

[2] Plaintiff does not challenge this finding in this appeal.

-2-

The ALJ determined that through the date last insured, the claimant was capable of performing her past relevant work as a consultant, contract administrator and claims administrator, and was therefore not under a disability at any from the alleged onset date through December 31, 2006 (R. 21).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff contends that the Commissioner 1) failed to consider or evaluate substantial medical evidence of record from the time period after the claimant's Date Last Insured ("DLI") and failed to explain why some post-DLI medical evidence was rejected while other post-DLI medical evidence

was accepted; and (2) improperly accorded "great weight" to the post-DLI medical opinion of a one-time physical consultative examiner, as such opinion is not supported by the substantial evidence of record.

**The five step assessment**

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the burden remained with Plaintiff at all times, as the ALJ concluded her findings by determining that Plaintiff could return to her past relevant work at Step 4 of the evaluation.

**The duty to develop and consider the evidence**

The ALJ has a duty to fully and fairly develop the record. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988). Here, the administrative record includes a wealth of evidence both prior to onset and post-DLI. Plaintiff contends that the ALJ erred in failing to explain why she relied on *some* of the evidence, while ignoring or rejecting other evidence, including evidence from treating physicians, from the same time period.

The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (*quoting Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir.1995)). The Court cannot make such a finding here.

In her papers and at the hearing, Plaintiff complained of, among other things, hand and arm pain and impairment. *See e.g.* R. 196, 208, 65-66. The ALJ acknowledged Plaintiff's testimony about her upper extremities difficulties but did not explicitly evaluate any of the medical records regarding this impairment. In addition to pre-onset evidence of numbness (R. 431), cramping of the hands, and tingling or burning in the arms (R. 348), Plaintiff had an "abnormal" motor nerve conduction study on February 22, 2005 (R. 348-9).[3] Moreover, less than two weeks after her date last insured, Plaintiff underwent an MRI on her cervical spine, which revealed foraminal stenosis at C7/T1 bilaterally and left C6-7 foraminal stenosis (R. 502-3). On February 23, 2007, Plaintiff consulted with a neurosurgeon at the Cleveland Clinic, who reviewed the MRI, noted Plaintiff's complaints of "weakness in both hands and pain, numbness and tingling radiating into both hands in the appropriate dermatomal distributions" and concluded that she "has symptoms referable to C6/7 and C7/T1 with some degenerative changes at those discs" (R. 510). A surgical option was discussed (R. 510). Despite record evidence and testimony of arm and hand limitations, the ALJ did not adequately evaluate this limitation.

---

[3]The study found: "There is electrophysiological evidence of chronic, bilateral C7 and C8 radiculopathies. There was also a suggestion of a chronic right C6 radiculopathy. There is no ongoing denervation. There is also evidence of bilateral median neuropathies at the wrists (Carpal Tunnel Syndrome), with the left side being involved slightly more than the right." (R. 349).

Although the ALJ was aware of the Cleveland Clinic report (R. 51), she does not weigh it or discuss it at all in her decision. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, *including symptoms, diagnosis, and prognosis*, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) The report from the neurosurgeon confirms Plaintiff's symptoms, diagnosed her, and discussed a treatment option. As such, it is an opinion that requires discussion by the ALJ. As set forth above, deference is due to be given a treating provider, especially a specialist, unless there is good cause shown for doing otherwise. Here, the ALJ did not analyze whether the opinion was well-supported by medically acceptable clinical and laboratory diagnostic techniques, nor did he evaluate whether the opinion was consistent with the other substantial evidence in the record. The failure to do so warrants remand.[4]

The Commissioner unpersuasively contends that the report from the neurosurgeon is not relevant as it has not been shown to relate to the time period at issue in this case (Brief, pp. 4-5). Degenerative changes, by definition, occur over time. Here, the MRI, showing significant degenerative disease, was performed on January 11, 2007 –less than two weeks after the date last insured, and the neurosurgeon's interpretation of that MRI was rendered in February 2007 – within two months of DLI. By contrast, the ALJ relies heavily on a one-time consultative examination which did not occur until *March* 2007.

---

[4] While the ALJ does not have to discuss each and every item of evidence, the error here is not harmless. Plaintiff claimed a limitation of arm and hand pain and restriction and the medical records include objective evidence of such a limitation. Yet, other than a restriction of occasional overhead reaching, the RFC does not reflect any limitations with respect to the arms or hands.

The Court agrees with Plaintiff that the ALJ did not adequately explain why she relied on some post DLI evidence, while ignoring others. While the Court does not agree that *all* post DLI evidence must be explicitly set forth and evaluated,[5] it does find that the ALJ, in keeping with her obligation to consider the evidence, must consider whether post-DLI evidence relates to the pertinent time period. As that did not occur here, remand is warranted.

**The consultative examination**

Plaintiff also objects to the ALJ's reliance on the March 2007 opinion of Dr. Padamadan, the consultative examiner, contending that his opinion is contradicted by the record and therefore should not have been given great weight.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, *supra*; *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Moreover, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2). The opinion of a one-time examiner is not entitled to deference. *McSwain v.Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) *citing Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). Rather, for an ALJ to accord "great weight" to a one-time examiner's opinion, such opinion must be supported by substantial evidence.

Here, the ALJ gave great weight to the opinion of the one time examiner, noting that this source "examined and tested the claimant before issuing an unbiased opinion" (R. 20). Although this

---

[5]The record contains evidence which post dates the DLI by a period of many years and does not contain any indication that such evidence has a bearing on Plaintiff's condition during the time at issue.

examination occurred *after* the DLI, in his brief, the Commissioner argues: "While Dr. Padamadan's examination and opinion is from after the expiration of Plaintiff's insured status, it still related to the time period at issue because Dr. Padamadan reviewed Plaintiff's relevant medical history from the relevant time period in this case (Tr. 19, 511-14)." This statement is not supported by the evidence.

Nothing in Dr. Padamadan's opinion suggests that he reviewed any medical records from the relevant period. Rather, the doctor states only that he "reviewed any procedures that were ordered on this claimant (EKG, PFS, laboratory work, or x-ray studies)," (R. 514), and the record includes xrays he ordered (R. 519-520). Absent any reference to prior medical records, it appears that the only records reviewed by this consultant were those x-rays. Moreover, as noted by Plaintiff, Dr. Padamadan's report contains findings which are markedly inconsistent with Plaintiff's medical history. For example, Dr. Padamadan notes "no history of GI bleed or ulcers or gastritis" (R. 512), despite clear evidence of same (*see* R. 402). Dr. Padamadan's report does not reflect claimant's prior bilateral carpal tunnel release surgeries nor the recent evaluation by the neurosurgeon. The Court finds the ALJ's conclusion that Dr Padamadan's opinion is entitled to great weight as he conducted an "extensive review of the claimant's history" (R. 19) is therefore not supported by substantial evidence.

Of course, Dr. Padamadan was not *required* to review Plaintiff's treatment records, even if that might assist in laying the foundation for the functional assessment, as the consultant performed his own examination. However, as this Court recognized in *Jackson v. Commissioner of Social Sec.,* 2010 WL 50018, *5 (M.D. Fla. Jan. 6, 2010), "the circumstances detract from its persuasive value as part of the ALJ's analysis. This is particularly so when the differing opinions were essentially disregarded by the finder of fact as well." As the ALJ was under the mistaken impression that Dr. Padamadan's opinion was based, at least in part, on an extensive review of the medical history, the accordance of

great weight to the opinion is not adequately supported. Remand to reconsider and reweigh the opinion evidence is required.[6]

In recommending that the case be remanded for additional consideration of the evidence, the Court does not imply that reconsideration will lead to a different ultimate result. Rather, the Court recognizes that its task is not to weigh the evidence in the first place, but to evaluate whether the decision is properly supported and was reached by application of the correct standards. As the instant evaluation of the evidence does not comport with that standard, remand is necessary.

## Conclusion

As set forth above, the administrative decision is not supported by substantial evidence and is not in accordance with proper legal standards. As such, it is **respectfully recommended** that the decision be **REVERSED and the matter be REMANDED** to the Commissioner for additional consideration of all alleged impairments and the pertinent evidence of same (including opinion evidence) applicable to the time period at issue. If this recommendation is adopted, the Clerk should enter judgment for Plaintiff, under sentence four of 42 U.S.C. § 405(g), and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 22, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[6] Note that the opinion of the nonexamining state agency physician was also given "significant weight." (R. 20-21). This consultant, however, explicitly noted that he based his RFC assessment on Dr. Padamadan's consultative examination (R. 686).