# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CLAUDIA VANDERHORST,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:13-cv-204-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION FOR ATTORNEY FEES UNDER EAJA (Doc. No. 22)**
>
> **FILED:** January 24, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiff's application for fees and costs follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).[1]

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees

---

[1] In her brief, Plaintiff contends: "On or about September 10, 2013, the Court entered an Order and took the position in this litigation that a sentence four(4) judgment should be issued pursuant to a stipulated remand filed by the Commissioner and 42 U.S.C. §405(g), which Order reversed and remanded the Plaintiff's action to the Commissioner for additional proceedings." (Doc. 22-1, pp. 2-3). This is incorrect. *See* Docs. 18-20.

against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

Applied here, Plaintiff seeks an award of attorney's fees in the amount of $6,414.44, based upon the hourly rate of $187.01 for the 34.30 hours claimed to be expended on this matter. The motion includes a request that, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. Counsel represents that the motion is unopposed.

Counsel avers that the rates were calculated by factoring in the statutory rate of $125.00 per hour and adjusting for a cost of living increase based on the Consumer Price Index. *See Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). Upon review of the supporting papers filed by Plaintiff, the Court finds the number of hours claimed to be high;[2] however, as the Commissioner has not filed any objection to the relief sought and the transcript in this matter was 956 pages (which might account for the otherwise unreasonable amount of time spent preparing the brief), the Court **recommends** allowance of the fee award of $6,414.44, as appropriate under the EAJA.

With respect to the request for the government to accept the tendered assignment and pay any EAJA award directly to counsel, any agreement between the parties as to payment of the judgment

---

[2] Counsel claims 1.30 hours for drafting of the instant motion. It appears obvious, however, that the motion was not drafted anew, but "cut and pasted" from a prior motion. *See* footnote 1. Moreover, counsel claims 27 hours to prepare the brief on the merits. This is high, in the Court's experience.

is outside the purview of the judgment, and the parties may make whatever collection arrangements that they wish. For present purposes, the Court declines to recommend that the government reimburse counsel directly. *See Astrue v. Ratliff*, 560 U.S.586, 130 S. Ct. 2521, 177 L.Ed. 2d 91 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

It is therefore **respectfully recommended** that the motion be **granted**, in part, and that the Clerk be directed to enter judgment for attorney's fees in Plaintiff's favor accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 27, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy